IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED

APR 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

BENYEHUDAH WHITFIELD,      )

  Plaintiff,      )

                        )   No. 08 C 50027

     V.      )

                         )

DENISE A. MCCAFFREY, et al.,   )

  Defendants.      )


## PLAINTIFF'S NOTICE OF COMPLIANCE

    NOW COMES the plaintiff, BENYEHUDAH WHITFIELD, pro se, and in support states the following:

    1.    On March 18, 2008, this Court directed the plaintiff to show cause why his complaint should not be dismissed under *res judicata*, and he begins by submitting that the Federal Rules of Civil Procedure and well established Seventh Circuit precedence provide that it is not appropriate for courts to invoke an affirmative defense, but it is the responsibility of the defendant(s) to assert such a defense if/when such is available. See Fed. R. Civ. P., Rule 8 ("[a] *party shall state* in short and plain terms the party's

defense to each claim . . . [and] *shall* set forth [any available] affirmative[ ]" defense(s) wished to be raised in the party's pleadings."). *Id.*, Rule 8 (b) and (c) ; *Massey* v. *Helman*, 196 F. 3d 727, 735 (7th Cir. 1999) (". . . [t]he defendants have the burden of pleading and proving [all] the [affirmative] defense[s]" set forth in Rule 8 (c) of the Fed. R. Civ. P.). *Id.* And, because "[t]his is a 'heavy burden of proof,'" *Jones* v. *City of Alton, Ill.*, 757 F. 2d 878, 885 (7th Cir. 1985) (citation omitted) "a court cannot invoke the rule of . . . res judicata . . . [because] to speculate on the grounds for the prior judgment would be to remove the burden placed on the proponent[,]" *id.*, who may/might choose to waive the defense. *Donald* v. *Cook County Sheriff's Dep't.*, 95 F. 3d 548, 560 (7th Cir. 1996) (*res judicata* "is, after all, an affirmative defense, which may be waived."). *Id.*

2.    Even assuming the defendants do choose to assert the affirmative defense of *res judicata*, application of such would be inappropriate under these circumstances because the plaintiff did not receive "a full and fair opportunity to litigate" his claim, and was (thus) denied "the procedural requirements of due process." See *Kremer* v. *Chemical Const. Corp.*, 456 U.S. 461, 483, n.24 102 S.Ct. 1883 (1982). This contention is based on the fact that the Court dismissed the plaintiff's previous complaint because it reached the conclusion that the plaintiff had failed to properly

seek leave to proceed with his complaint IFP, and that copies of correspondences the plaintiff had attached to his complaint as exhibits demonstrated his failure to properly seek leave to proceed IFP with his complaint. (Doc. 22, p. 1). The Court further concluded that plaintiff's "suggestion that he was victimized by the clerk's failure to expressly notify him of such requirement in her correspondence falters as the fact of the matter is that such requirement existed by circuit court rule and was available to anyone seeking leave to have the filing fee waived." (Id.). However, not only did the plaintiff insist that he had properly sought leave to proceed with his complaint IFP (and/or to have the filing fee waived); and not only did he never contend that he was not advised by the clerk ("Ms. McCaffrey) of the proper requirement to be granted leave to proceed IFP (and/or have his filing fee(s) waived), but the defendants never contended that any of the exhibits attached to the plaintiff's complaint even as much as indicated that he had failed to properly seek leave to proceed with his complaint IFP. Although the defendants asserted the plaintiff had not properly sought leave to proceed with his complaint IFP, it was never asserted that the exhibits attached to the complaint substantiated such.

Since it was the Court who asserted the exhibits attached

to plaintiff's complaint substantiated that leave to proceed IFP (and/or to have the filing fees waived) was never properly sought, at the very least the Court should have specified which one of the exhibits substantiated the assertion, and/or how, then allowed plaintiff to come foward with evidence to rebut the evidence relied on by the Court to support its conclusion. Although plaintiff was not in possession of the IFP applications and other supporting documents he had submitted to Ms. McCaffrey in order to have his paupris status assessed, plaintiff would have submitted an affidavit to refute/rebut whatever exhibit(s) the Court purported was sufficient to substantiate its assertion.

Insofar as the Court's assertion that it was plaintiff's contention that he was never advised by Ms. McCaffrey of the proper proceedures needed to be undertook in order to be allowed to proceed with his complaint IFP (and that this is why he failed to properly seek leave to proceed IFP, and/or to have the filing fee(s) waived), the Court made no effort to specify and/or quoate the part(s) or portion(s) of the plaintiff's pleadings, or his response to the defendant's pleadings, to support its assertion that it was the plaintiff's position that Ms. McCaffrey failed to notify him of proper procedures and/or this is why he failed to follow proper procedure.

3.     Application of *res judicata* under these circumstances is also inappropriate (or would be inappropriate) because the plaintiff was deprived of "the procedural requirements of due process" and "a full and fair opportunity" to litigate his claim as the result of the Court dismissing the plaintiff's previous complaint although there was no clear and convincing evidence in/with his pleadings, and his response to the defendant's pleadings, to support the Court's assertion that he had failed to follow proper procedure when seeking leave to proceed with his complaint IFP, and/or to have the filing fee(s) waived. Nor was there and clear and convincing evidence in/with the plaintiff's pleadings, and response to the defendant's pleadings, to support the Court's assertion that that it was plaintiff's contention that it was Ms. McCaffrey's fault that he had allegedly failed to properly seek leave to proceed with his complaint IFP, and/or to have the filing fee(s) waived.

The dismissal of a complaint is appropriate only when "'it appears beyound doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(citation omitted). Furthermore, courts are required to "'accept all factual allegations in the complaint [as true] and draw all reasonable inferences from these facts in favor of the plaintiff.'" *Id.*

Applying the above case law to this present matter, since the plaintiff alleged in his complaint that Ms. McCaffrey violated his First and Fourteenth Amendment rights by refusing to allow him to proceed with his mandamus complaint, only clear and convincing evidence to the contrary and which would show he would not be able to prove no set of facts of his complaint which would entitle him to relief would ~~wou~~ have been appropriate to support a dismissal. Thus, nothing short of an admission from the plaintiff that he had failed to properly seek leave to proceed with his complaint IFP, and/or to have the filing fee(s) waived, would have been sufficient to support a dismissal. And, since there is no evidence in the record which might even imply that the plaintiff admitted to failing to follow proper proceedure when he sought leave to proceed with his complaint IFP, and/or to have the filing fee waived, dismissal of the complaint was clearly not warranted, and doing so deprived the plaintiff of "the procedural requirements of due process" he was entitled to, and also deprived him of "a full and fair opportunity" to litigate his claim.

4. Finally, there is supporting case law to the effect that a pro se litigant may re-submit in a new complaint the same claims ~~that~~ of a complaint previously dismissed due to defects that resulted in the dismissal. See *Donald* v. *Cook Count Sheriff's Dep't.*, 95 F.3d 584 (7th Cir. 1996) ("[d]epending on the particular

circumstances of the case, the court may assist the plaintiff by . . . dismissing the complaint without prejudice and providing a list of defects in the complaint."). *Id.*, at 556.

It can be deduced from the above opinion/holding that the Seventh Circuit was/is cognizant of the fact that pro se litigants (due to their incompetence with matters pertaining to legal procedures) often make mistakes when drafting complaints and should not be deprived of the justice he might have received had it not been for the defects of his complaint.

In this present case, the plaintiff, who proceeded pro se with his previous complaint (as now), although clearly alleged in his previous complaint that Ms. McCaffrey violated his First and Fourteenth Amendment rights by refusing to allow him to proceed with his mandamus complaint because he had no money to pay the filing fee, he failed to submit specific facts of what steps he undertook in order to have his paupris status assessed, and/or to have the filing fee(s) waived. As a result, the Court dismissed his complaint without prejudice and concluded (in a later opinion) that dismissal was warranted because it was of the opinion that the position of the plaintiff was "that he had been victimized by the circuit clerk's failure to expressly notify him of the need to seek leave to proceed IFP."" (March 11, 2008 "STATEMENT"

in response to and denying "Plaintiff's Rule 60(b)... Motion...").[1] The Court further concluded that in order for the plaintiff to have avoided dismissal of the Complaint, all he was required to do was to assert in the Complaint (or in an amended Complaint) that he had submitted (to Ms. McCaffrey) IFP applications, supporting affidavits, and copies of his trust fund account statements. Thus, because the Court's dismissal of the previous complaint was without prejudice and the Court has advised plaintiff of the defect which resulted in the complaint being dismissed, and since the present complaint does not contain the defect found in the previous complaint, allowing plaintiff to proceed with this present claim would be consistent with the above opinion set forth in *Donald v. Cook County Sheriff's Dep't*, supra.

5.   As already previously addressed (above), because the Court cannot invoke *res judicata* on behalf of the defendants, *ante*, pp. 1-2, but the responsibility of doing so is the defendants, *id.*, if the defendants should ~~should~~ choose to invoke *res judicata*, the burden

---

[1] On March 20, 2008, the plaintiff submitted a Motion to Reconsider this Court's Order and advised the Court of the mistake of assuming the the previous claim was based on the premise that Ms. McCaffrey had failed to notify him of the proper procedure for seeking leave to proceed IFP. The motion has since been denied. See *Whitfield v. Circuit Court of Lee County, Ill.*, et al. No 06 C 50138, Motion to Reconsider, pp. 3-4 (submitted on Mar. 20, 2008 (Doc. # unknown)).

will be on them to specify which (if any) of the exhibits attached
to the previous complaint (or this complaint since all the exhibits of
the previous complaint has also been included as part/exhibits of
the subsequent complaint) substantiates (with clear, convincing,
and irrefutable facts) the proposition that plaintiff failed to
follow proper procedure when he sought leave to proceed with his
complaint IFP, and/or to have the filing fee(s) waived. And, the
burden will be on the defendants to specify where in his pleadings,
and/or response to the defendant's pleading, the plaintiff alleged
that it was Ms. McCaffrey's fault that he allegedly failed to
properly seek leave to proceed with his complaint IFP, and/or to
have the filing fee(s) waived; and submit any other reason why the
application of *res judicata* is appropriate under these circumstances.

The plaintiff appologizes for the writing(s) on the reverse
sides of pages 2-9 of this Notice of Compliance. However, he
had no other paper to complete this document, and his request
for more paper from the officials (of Pontiac Correctional Center,
where he is presently an inmate at) was denied. Furthermore, he
was unsuccessful in his efforts to obtain paper from other
inmates. He includes with this original copy a duplicate copy which
also contains his original signature, as this original copy.

The plaintiff also includes with this Notice of Compliance a

Motion to Strike his motion he previously submitted (on March 30, 2008) For voluntary dismissal OF this matter.

WHEREFORE, it is prayed that this Court Finds the Foregoing to be Fully Compliant with the March 18, 2008 Order; and sufficient to preclude dismissal OF this matter.

DATE: April 19, 2008 _____    Respectfully submitted

BenYeHudah Whitfield

BENYEHUDAH WHITFIELD
IDOC # N74277
700 West Lincoln Street
P.O. Box 99
Pontiac, Illinois 61764



THIS CORRESPONDENCE
IS FROM AN INMATE OF
THE ILLINOIS DEPARTMENT
OF CORRECTIONS

02 1A
0004601196    APR 18 2008
MAILED FROM ZIP CODE 61764
$ 01.48⁰

LEGAL MAIL

BENYEHUDAH WHITFIELD - N74271
Pontiac Correctional Center
700 West Lincoln Street
P.O. 99
Pontiac, Illinois 61764

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION
211 South Court Street
Rockford, Illinois 61101

LEGAL MAIL