## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50027 | **DATE** | 5/8/2008 |
| **CASE TITLE** | Benyehudah Whitfield (#N-74277) vs. Denise McCaffrey, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to strike his motion for voluntary dismissal [#9] and motion to reconsider and vacate the order granting his motion for voluntary dismissal [#10] are granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. This suit is barred by *res judicata*. The case remains closed. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

*/s/ Philip G. Reinhard*

■ **[For further details see text below.]**                                                  Notices mailed by Judicial Staff.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Circuit Court of Lee County and its Court Clerk, violated the plaintiff's constitutional rights by interfering with his access to the courts. More specifically, the plaintiff alleges that a mandamus petition he attempted to file in that court was wrongfully dismissed because the plaintiff was unable to pay the required initial filing fee.

By Minute Order of April 14, 2008, the court granted the plaintiff's motion for voluntary dismissal. The plaintiff now moves to strike his motion and for reconsideration of the order granting the motion.

The plaintiff's motions are granted; however, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the court remains satisfied that the plaintiff's claims are barred by the doctrine of *res judicata*.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an **(CONTINUED)**

mjm

**STATEMENT (continued)**

earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

The plaintiff previously filed suit raising identical claims. *See Whitfield v. Circuit Court of Lee County, et al.*, Case No. 06 C 50138 (N.D. Ill.) This court dismissed the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Minute Order of February 27, 2007 (Reinhard, J.). The court has since denied multiple motions for reconsideration. *See* Minute Orders of April 2, 2007, March 11, 2008, and March 25, 2008. Furthermore, the U.S. Court of Appeals for the Seventh Circuit dismissed the plaintiff's appeal. *See* Mandate of October 11, 2007 (App. No. 07-2099).

In short, the plaintiff filed the same suit against the same defendants, and this court previously found that he had no actionable federal claim. The plaintiff may not perpetuate the dispute by starting the process all over. This action is barred by *res judicata*. The court is additionally confident that it has the power to raise the issue of *res judicata sua sponte* under 42 U.S.C. § 1915A. The plaintiff was given notice and the opportunity to brief the issue prior to the court's dismissal.

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted, in that the doctrine of *res judicata*, or claim preclusion, bars this lawsuit. The case accordingly remains closed.

Unfortunately, by pressing his complaint, the plaintiff has accumulated a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."